UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-219

CINDY L. FOX, INDIVIDUALLY, AND IN HER
CAPACITY AS A SHAREHOLDER DERIVATIVE
REPRESENTATIVE ON BEHALF OF NOMINAL
DEFENDANT, INDUSTRIAL MAINTENANCE &
GEARS, INC.; and
SANDRA KAY BOTTOMS, INDIVIDUALLY                               PLAINTIFFS

v.

LOUIS J. LOVAS; LARRY J. McMANUS;
MATTHEW D. PARTAIN; STEVEN W. HIBNER;
LESLIE A. HIBNER; KELLY S. HUTCHINS; and
STEPHEN F. LOVAS                                               DEFENDANTS

AND

INDUSTRIAL MAINTENANCE & GEARS, INC.          NOMINAL DEFENDANT
                                                AND DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiffs' Motion to Remand or in the Alternative Motion for Partial Remand (Docket #7). Defendant Industrial Maintenance & Gears, Inc., has responded (Docket #8). Defendants Steven W. Hibner and Leslie A. Hibner have responded (Docket #9). Plaintiffs have not replied. This matter is now ripe for adjudication.

## BACKGROUND

The facts of this case are largely in dispute. For purposes of this motion, however, the Court relies on Plaintiff's version of the facts as set forth in the Complaint.

Plaintiff Cindy L. Fox was hired as an accounts manager by IMG on or about March 31, 2008. From April of 2008 to August 18, 2010, Fox served as Secretary of Industrial Maintenance & Gears, Inc. ("IMG"). She also served as a Director of IMG from April 27, 2009,

to August 18, 2010. Plaintiff Sandra Kay Bottoms was hired by IMG in September of 2008 to be a part-time accountant. She was promoted to a full-time accountant on March 11, 2009.

As Fox examined IMG's accounting software, she discovered incorrect balances on the accounts payable, accounts receivable, and payroll accounts. With IMG's permission, Fox brought Bottoms on board to help her correct IMG's financial statements and switch to a different accounting program. Through this process, Bottoms discovered "numerous deficiencies in IMG's financial practices . . . ." Compl., DN 1-2, ¶ 24. These deficiencies included, among other things, IMG's failure to pay payroll taxes and set up distribution accounts for shareholders, IMG's payment for personal bills and vacations of directors, and failure to make payments on delinquent vendor and government entity accounts.

Fox began making repeated demands to IMG's other Directors to take action to correct the deficiencies uncovered by Bottoms. These demands were ignored or refused. Both Fox and Bottoms were terminated on July 14, 2010. Fox currently holds 50 shares of common capital stock in IMG and, as a minority shareholder, filed the present derivative action.

Plaintiffs have asserted eighteen claims for relief. Counts I through IV address Plaintiff Cindy Fox's derivative action claims on behalf of IMG and Plaintiff Fox's individual claims for appointment of a receiver, pro rata equalization of shareholder distributions, and damages incurred from tax liability. The remaining Counts V through XVIII address claims by both Plaintiffs regarding their employment with IMG, i.e., claims for unpaid wages, breach of contract, retaliation, emotional distress, wrongful discharge, and violations of the Kentucky Wage and Hour Act and the Federal Fair Labor Standards Act.

Plaintiff filed suit in McCracken Circuit Court on October 27, 2010. Defendants

removed the case to this Court on December 22, 2010, asserting that the Court has original jurisdiction pursuant 28 U.S.C. § 1331. Plaintiffs now seek remand or partial remand to state court.

## STANDARD

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they 'derive from a common nucleus of operative facts.'" *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (quoting *Ahearn v. Charter Twp of Bloomfield*, 100 F.3d 451, 454-55 (6th Cir.1996)).

The Court, however, may decline to exercise supplemental jurisdiction over Plaintiffs' state law claims if those claims raise a novel or complex issue of State law, substantially predominate over Plaintiffs' federal question claims, all claims over which the district has original jurisdiction are dismissed, or if there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). "A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). "[I]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998).

## DISCUSSION

**I.      Supplemental Jurisdiction, 28 U.S.C. § 1367(a)**

This Court has original jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., as these claims arise under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In order to consider Plaintiffs' other claims, the Court must exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). The Court looks to whether the claims "'derive from a common nucleus of operative facts,'" *Harper*, 392 F.3d at 209 (citation omitted), such that Plaintiffs "would expect to try them in one judicial proceeding." *Mich. Bell Tel. Co. v. MCIMetro Access Transmission Servs., Inc.*, 323 F.3d 348, 362 (6th Cir. 2003).

Plaintiffs' FLSA claims (Counts VI & XIII) allege that Plaintiffs were non-exempt employees of IMG, entitled to overtime wages, and Defendants failed to pay such wages. The FLSA requires employers to pay overtime to non-exempt employees who work in excess of a forty hour workweek. 29 U.S.C. § 207(a)(1).

Plaintiffs' claims under the Kentucky Wage and Hour Act (Counts VI & XIII) also seek recovery for unpaid overtime wages. *See* Ky. Rev. Stat. Ann. § 337.285. Thus, these claims clearly derive from a common nucleus of operative facts. Further, Plaintiffs' claims for unpaid wages and liquidated damages (Counts V & XII) relate directly to Plaintiffs' FLSA claims because these claims concern whether Plaintiffs are entitled to recover damages for unpaid vacation time, regular time, and overtime allegedly due to them after they were fired. Whether Plaintiffs were entitled to recover overtime pay is an issue that must be resolved for the FLSA claims and the unpaid wages claims. Therefore, the Court may exercise supplemental jurisdiction over these claims.

Plaintiffs' breach of contract and implied breach of contract claims (Counts VII, VIII, XIV, & XV) allege that the parties entered into either oral or implied employment contracts which Defendants breached by terminating both Plaintiffs on July 14, 2010. These contracts allegedly established twelve month contracts setting base salaries, bonuses and benefits. Plaintiffs have not alleged that anything in these contracts addresses the issue of overtime. However, Plaintiffs' wages are relevant to both the breach of contract and FLSA issues. In order to establish that an employee is non-exempt under the FLSA, for instance, the Court must examine Plaintiffs' salaries. *See* 29 C.F.R. § 541.2 ("The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part."). In contrast, Plaintiffs' claims for wrongful discharge (Count XVI), retaliation and emotional distress (Counts X & XVII) stem only from Plaintiffs' discharge. These claims do not share a common nucleus of operative facts with Plaintiffs' FLSA claims. *See, e.g.*, *Lyon v. Whisman*, 45 F.3d 758, 763 (3d Cir. 1995) (holding that the employment relationship alone does not create a sufficient nexus to justify supplemental jurisdiction). Accordingly, the Court may not exercise supplemental jurisdiction and these claims must be remanded to the state court.

Although the Court is permitted to exercise supplemental jurisdiction over Plaintiffs' contract claims, the Court declines to do so. Relying on 28 U.S.C. § 1367(c), the Court finds that Plaintiffs' breach of contract claims are separate and independent claims in which state law clearly predominates. Under their breach of contract claims, Plaintiffs allege that Defendants breached their employment contracts by prohibiting them from performing their job duties as of July 14, 2010. In contrast, Plaintiffs' FLSA claims arise from failure to pay overtime wages

5

during Plaintiffs' employment. Moreover, there is no allegation in the breach of contract claims that Plaintiffs were entitled to overtime pay. In light of the fact that Plaintiffs' claims for wrongful discharge, retaliation, and emotional distress (claims which *are* directly related to the breach of contract claims) must be remanded, the Court believes there are additional compelling reasons to decline jurisdiction. Thus, Plaintiffs' breach of contract claims are remanded as well.

Finally, the Court may not exercise supplemental jurisdiction over Plaintiffs' Counts I through IV. These are the claims Plaintiff Fox asserts against Defendants as a minority shareholder. There is no common nucleus of operative facts between these claims and the FLSA claims. Defendants' alleged failure to pay overtime to Plaintiffs is entirely unrelated. Further, Fox brings these claims as a shareholder, not an employee. Accordingly, these claims must be remanded to the state court.[1]

## II.     Remand, 28 U.S.C. § 1441(c)

Under 28 U.S.C. § 1441(c), a district court exercising supplemental jurisdiction over non-removable claims has discretion to "remand all matters in which State law predominates." 28 U.S.C. § 144(c). "Thus, for the remand order to be proper, the claim remanded must be (1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise non-removable; and (4) a matter in which state law predominates." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 104 (5th Cir. 1996). "Where there is a single injury to plaintiff for which relief is sought, arising from an interrelated series of events or transactions,

---

[1] Plaintiffs' Complaint also asserts claims for punitive damages (Counts XI & XVIII). A claim for punitive damages, however, is not a separate cause of action, but rather an available remedy. *See, e.g.*, *Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546, 548, n. 1 (E.D. Ky. 2001). Therefore, the Court need not address Counts XI and XVIII at this time.

there is no separate or independent claim or cause of action under § 1441(c)." *Kabealo v. Davis*, 829 F. Supp. 923, 926 (S.D. Ohio 1993) (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951)).

Plaintiffs' unpaid wages claims and Kentucky Wage and Hour Act claims are not separate and independent from the FLSA claims. All of these claims specifically seek unpaid overtime. Therefore, there is a single injury to Plaintiffs which arises from a series of interrelated events. There is no indication in Plaintiffs' FLSA claims that the relief sought by that Count would not also encompass the relief sought by the unpaid wages claims and the Kentucky Wage and Hour Act claims. Therefore, the Court believes it is inappropriate to remand these claims pursuant to 28 U.S.C. § 1441(c).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand or in the Alternative Motion for Partial Remand is GRANTED IN PART and DENIED IN PART. All of Plaintiffs' claims are REMANDED to the state court with the exception of Counts V (Claims by the Plaintiff Cindy L. Fox, Individually, for Unpaid Wages and Liquidated Damages), VI (Claims by the Plaintiff Cindy L. Fox, Individually for Violations of Kentucky Wage and Hour Act and the Federal Fair Labor Standards Act), XII (Claims by the Plaintiff Sandra Kay Bottoms, Individually, for Unpaid Wages and Liquidated Damages), and XIII (Claims by the Plaintiff Sandra Kay Bottoms, Individually for Violations of Kentucky Wage and Hour Act and the Federal Fair Labor Standards Act).

In light of this Memorandum Opinion and Order, the Motion for Preliminary Injunction is DENIED as moot.