UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-00219-R

**CINDY L. FOX and SANDRA K. BOTTOMS**                                         **PLAINTIFFS**

v.

**LOUIS J. LOVAS,** *et al*.                                                              **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court on the Plaintiffs' motion for summary judgment. Pls.' Mot. Summ. J., DN 29; DN 30. The Defendant, Industrial Maintenance & Gears, Inc., has responded. Def.'s Resp., DN 39. At the request of the Court, the parties filed supplemental briefs addressing the remaining issue in the case. Def.'s Supplemental Br., DN 43; Pls.' Supplemental Br., DN 44. Through its supplemental brief, the Defendant has also moved for summary judgment on the remaining issue. Def.'s Supplemental Br., DN 43. Fully briefed, this matter is now ripe for adjudication. For the following reasons the Plaintiffs' motion is DENIED and the Defendant's motion is GRANTED.

**I.**

The issue before the Court is whether the Plaintiffs, Cindy Fox and Sandra Bottoms ("Fox" and "Bottoms," separately, or "Plaintiffs," collectively), are entitled to recover unpaid wages, liquidated damages, and attorney's fees under the Kentucky Wages and Hours Act ("KWHA"), KRS § 337.010 *et seq*. The Court finds that the Plaintiffs are not "employees" as that term is defined in KRS § 337.010(2)(a)2 and that the particular facts of this case do not counsel deviation from the strictures of that statute because the "context requires otherwise."

The Court previously granted partial summary judgment to the Defendant, Industrial Maintenance & Gears ("IMG"), on the Plaintiffs' claims arising under the Fair Labor Standard

1

Act ("FLSA"), 29 U.S.C. § 201 *et seq*. *See Fox v. Lovas*, Case No. 5:10-CV-219, 2012 U.S. Dist. LEXIS 27908 (W.D. Ky. Mar. 1, 2012). The Plaintiffs' remaining state law claim "form[s] part of the same case or controversy" and the Court has supplemental jurisdiction over it pursuant to 28 U.S.C. § 1367.

## II.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The non-moving party must present more than a mere scintilla of evidence in support of his position; the non-moving must present evidence on which the trier of fact could reasonably find for it. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## III.

Under the KWHA, "any employee who leaves or is discharged from his employment

shall be paid in full all wages or salary earned by him[.]" KRS § 337.055. An employer must pay that employee such wages or salary at the end of the next normal pay period or within fourteen days of the employee's separation from employment, whichever is later. *Id.* KRS § 337.055 does not contain a private right of action. *See Stathers v. Ice Cream Distribs. of Evansville, LLC*, Civil Action No. 3:06-CV-526-S, 2007 U.S. Dist. LEXIS 83485, at *8 (W.D. Ky. Nov. 8, 2007) ([KRS § 337.055] does not provide a right of action."). Rather, a violation of that statute is made actionable through KRS § 337.385. That statute provides:

> Any employer who pays any employee less than wages and overtime compensation to which such employee is entitled under or by virtue of [KRS § 337.055] shall be liable to such employee affected for the full amount of such wages and overtime compensation, less any amount actually paid to such employee by the employer, for an additional equal amount as liquidated damages, and for costs and such reasonable attorney's fees as may be allowed by the court.

KRS § 337.385(1).

For the present case it must be noted only that an "employee" may bring an action under KRS § 337.385. *See Parts Depot, Inc. v. Beiswenger*, 170 S.W.3d 354, 358 (Ky. 2005) ("[KRS § 337.385] unambiguously authorizes an uncompensated employee . . . to sue the employers in 'any court of competent jurisdiction . . . ."). As used in KRS § 337.385, "employee" is a narrowly defined term of art. The applicable definition of "employee" is found in KRS § 337.010(2)(a)2, which states:[1]

>   (2)   As used in [KRS § 337.385], unless the context requires otherwise:
>
>       (a)   "Employee" is any person employed by or suffered or permitted to work for any employer, but shall not include:
>
>           2.   Any individual employed in a bona fide . . . administrative . . . capacity . . . as [that term is] defined by administrative

---

[1] A second definition of "employee" is set forth in KRS § 337.010(1)(e) and includes "any person employed by or suffered or permitted to work for an employer." This definition of "employee" is not at issue because the scope of the definition found in KRS § 337.010(2)(a) is narrowed for the set of specifically enumerated statutes at issue, including KRS § 337.385.

3

regulations of the commissioner[.][2]

Accordingly, an action brought under KRS § 337.385 to collect unpaid wages pursuant to KRS § 337.055 may only be sustained by a person who is an "employee" as defined in KRS § 337.010(2)(a)2. If a person is employed in a "bona fide administrative capacity" that person is not an "employee" as that term is used in KRS § 337.385 and may not maintain an action for unpaid wages.

Finding that a person is employed in bona fide administrative capacity does not conclude the inquiry, however. As the express terms of KRS § 337.010(2)(a)2 provide: "As used in [KRS § 337.385], *unless the context requires otherwise* '[e]mployee' . . . shall not include any individual employed in a bona fide . . . administrative . . . capacity[.]" (emphasis added). The terms of the statute leave open the possibility that the context of a particular case could "require otherwise," and a court could find that a person is an "employee" under KRS § 337.385 despite being employed in a bona fide administrative capacity. Only one court has seized upon the "unless the context requires otherwise" language found in KRS § 337.010(2)(a)2. In *Healthcare of Louisville v. Kiesel*, 715 S.W.2d 246, 248 (Ky. App. 1986), the Kentucky Court of Appeals awarded damages pursuant to KRS § 337.385 even though the plaintiff was employed in a "bona fide executive, administrative, supervisory or professional capacity." Although no other courts have followed *Kiesel*, the Sixth Circuit Court of Appeals, interpreting KRS § 337.010(2)(a)2, explained that "[t]he more logical reading of the 'requires otherwise' language of KRS § 337.010 is that the limitations [in] § 337.010 can be overcome when the context and equities of a *particular case* require that an employee be entitled to the remedies set forth in § 337.385." *Whitewood v. Robert Bosch Tool Corp.* (*Whitewood II*), 323 Fed. Appx. 397, 402 (6th Cir. 2009)

---

[2] For the administrative regulations defining "bona fide administrative capacity," see 803 Ky. Admin. Regs. 1:070 § 3 (2007).

(emphasis original).  Accordingly, whether the "context requires otherwise" is a fact specific inquiry that must be conducted in each case considering the issue.[3]

## IV.

In the case *sub judice*, both parties have moved for summary judgment.  Defendant IMG claims that the Plaintiffs were employed in a "bona fide administrative capacity" and that, as a matter of law, they may not maintain an action for unpaid wages because they are not "employees" under by KRS § 337.385.  In prior motions the Plaintiffs argued that they were not employed in a bona fide administrative capacity.  They now contend that even if employed in such a position, are still "employees" for the purposes of KRS § 337.385 because, under the facts of this particular case, the "context requires otherwise."

### A.

In a prior opinion in this case the Court held that the Plaintiffs were employed in a "bona fide administrative capacity" at IMG.  *See Fox v. Lovas*, Case No. 5:10-CV-219, 2012 U.S. Dist. LEXIS 27908 (W.D. Ky. Mar. 1, 2012).  As administrative employees, they were exempted from the FLSA overtime wage statute and were excluded from a similar provision in the KWHA because they were not "employees" under that Act.  *See id.*

### B.

The Court's prior holding that the Plaintiffs were employed in a bona fide administrative capacity governs their present claim for unpaid wages under the KWHA.  The state regulations defining "bona fide administrative capacity" are a near-verbatim adoption of the federal regulations defining that term.  *Compare* 29 C.F.R. §§ 541.200-204 (2011), *with* 308 Ky. Admin. Regs. 1:070 § 3 (2007).  As such, the Court's prior analysis addressing whether the Plaintiffs were

---

[3] The Court has researched the origins of the "unless the context requires otherwise" language found in KRS § 337.010(2)(a)2.  Unfortunately, the legislative history is silent and does not reveal the intent underlying this language.

administrative employees under the federal act decided the issue under the state act as well.  Since the Plaintiffs were administrative employees at IMG, they were not "employees" as that terms is used in KRS § 337.385 and, as a matter of law, are precluded from maintaining a claim for a violation of KRS § 337.055.

## C.

Finding that the Plaintiffs were employed in a "bona fide administrative capacity" and excluded from the definition of "employee" does not end the inquiry, however.  Even a bona fide administrative employee can recover unpaid wages through KRS § 337.385 if the "context requires otherwise."  *See Whitewood II*, 323 Fed. Appx. at 402; *Kiesel*, 715 S.W.2d at 248.  In order to determine whether the facts of the case at bar present such a context, an examination of other cases addressing this issue is instructive.

*Healthcare of Louisville v. Kiesel* is the only case in which an individual who was not an "employee" under the KWHA recovered damages because the "context require[d] otherwise."[4]  The plaintiff, Dr. Kiesel, sued to collect severance pay, vacation pay, and pay for personal days his former employer had agreed to pay him in exchange for his resignation.  *Kiesel*, 715 S.W.2d at 247.  After a bench trial, Dr. Kiesel was awarded "damages, attorney fees, and costs pursuant to KRS 337.385."  *Id.*  On appeal, Dr. Kiesel's former employer argued that he "was not an

---

[4]   The Plaintiffs argue that two other cases, *Kennedy v. Receveur*, No. 2001-CA-001438-MR (Ky. App. June 7, 2002) (unpublished) and *Bergklint v. Fifth Third Bank*, No. 1998-CA-001861-MR (Ky. App. Dec. 10, 1999) (unpublished), follow *Kiesel* and allow an otherwise excluded employee's claim for unpaid wages to proceed.  The Court has review *Kennedy* and *Bergklint* and finds them unpersuasive.
   In *Kennedy*, the Kentucky Court of Appeals declined to address the appellant's argument that "the trial court erred in applying the provision of KRS 337.385 to [the appellee's] claim."  *Kennedy*, No. 2001-CA-001438-MR, at 10.  Because the court ultimately remanded the case, it decided that it "need not reach the merits of this issue" and left it for determination in the trial court.  *Id.*  Accordingly, *Kennedy* provides no guidance for determining when the "context requires otherwise."
   Likewise, *Bergklint* is not on point.  The trial court in *Bergklint* declined to address the appellant's claims under KRS § 337.385 because it found that it did not have original jurisdiction to hear the case.  *Bergklint*, No. 1998-CA-001861-MR, at 3.  On appeal, the Kentucky Court of Appeals found that the trial court had jurisdiction to hear the wage and hour claim and remanded for further consideration by the trial court.  *Id.* at 7.  As such, *Bergklint* was merely a decision addressing the trial court's jurisdiction, and not a decision addressing the issue before the Court in the present case.

employee for the purposes of KRS 337.385 and, therefore, was not entitled to recover any damages." *Id.* at 247-48.  The Kentucky Court of Appeals rejected this argument, however, and found that:

> The trial court considered this issue twice and twice determined that Dr. Kiesel was nevertheless entitled to recover and in so doing the court reasoned that in this case the context 'requires otherwise.'  The trial court stated that 'it is just as unlawful to fail to pay or to withhold a part of the salary of an executive, administrative, supervisory or professional employee as it would be to do so in the case of any other type of employee.'  We agree with the trial court and affirm its holding that Dr. Kiesel was an employee and thus entitled to recovery under this statute.

*Id.*  The court provided no additional analysis of Dr. Kiesel's claim and offered no explanation why the context of his case entitled him to recover damages under KRS § 337.385.  The opinion reveals no insight into why the court deviated from the terms of the statute.  Another court of the Western District of Kentucky has theorized that Dr. Kiesel was able to recover damages under the KWHA because "it is plausible that the court in *Kiesel* believe that the medical director's position was more akin to that of a subordinate employee than a supervisor or doctor engaged in professional activities." *Whitewood v. Robert Bosch Tool Corp.* (*Whitewood I*), Civil Action No. 3:04-CV-631-H, 2006 U.S. Dist. LEXIS 73232, at *9 n.2 (W.D. Ky. Oct. 3, 2006), *aff'd in part by* 323 Fed. Appx. 397 (6th Cir. 2009).  Whatever the case may be, the Kentucky Court of Appeals did not explain its decision in *Kiesel* beyond agreeing with the trial court that the "context require[d] otherwise."

No court since *Kiesel* has accepted the argument that, even though a plaintiff is not an "employee" as used in KRS 337.385, he is entitled to damages under the statute because the "context requires otherwise."  *See Whitewood II*, 323 Fed. Appx. at 401-403; *Gonzalez v. Imaging Advantage, LLC*, Civil Action No. 11-233-C, 2011 U.S. Dist. LEXIS 140971, at *11-13 (W.D. Ky. Dec. 7, 2011); *Stathers*, 2007 U.S. Dist. LEXIS 83485, at *6-7; *Roby v. Midstates*

7

*Indus. Grp.*, Civil Action No. 3:03-CV-149-S, 2007 U.S. Dist. LEXIS 50694, at *4-5 (W.D. Ky. July 6, 2007); *Whitewood I*, 2006 U.S. Dist. LEXIS 73232, at *9 n.2; *Rawlings v. Breit*, No. 2003-CA-002785-MR, 2005 Ky. App. Unpub. LEXIS 780, at *18-19 (Ky. App. June 17, 2005). In fact, these courts have uniformly held that that the facts in front of them were not situations in which the "context requires otherwise."

For example, in *Stathers v. Ice Cream Distributors of Evansville*, the plaintiff claimed his employer violated KRS §§ 337.055 and 337.385 when it "wrongfully withheld payment for his last two weeks of work, for vacation time, and for a bonus for the year 2005." *Stathers*, 2007 U.S. Dist. LEXIS 83485, at *4. The court granted summary judgment to the defendants and dismissed the case because the plaintiff worked as a "supervisory employee." *Id.* at *4-6. Like the administrative employees in the present case, individuals employed in a "bona fide supervisory capacity" are not "employees" under the KWHA and have no right of action under KRS § 337.385. *Id.* The plaintiff then argued that the court should follow *Kiesel*. *Id.* at *6-7. The court rejected this argument because "*Kiesel* provided no explanation for its deviation from the strictures of KRS 337.010(2), but simply found that under the facts before it, 'the context require[d] otherwise.'" *Id.* The plaintiff's reliance on *Kiesel* failed because he did not demonstrate any "basis for deviating from the clear statutory exemption in this instance." *Id.*

In *Whitewood II*, the Sixth Circuit Court of Appeals affirmed dismissal of the plaintiff's claim under KRS § 337.385 by a court of the Western District of Kentucky. *Whitewood II*, 323 Fed. Appx. at 406. The plaintiff, Whitewood, was an industrial engineer who claimed he was "entitled to unpaid wages, double damages, and attorney's fees pursuant to KRS 337.385." *Id.* at 400 (citation omitted). The court of appeals agreed with the lower court's holding that Whitewood was "an exempt professional employee who could not recover under KRS §

337.385." The court also held that the lower court did not err by following those cases that have rejected *Kiesel* because they are "more consistent with the plain language of KRS §§ 337.385 and 337.010" *Id.* at 403. As pointed out above, however, the court left room for "the limitations in § 337.010 [to] be overcome when the context and equities of a *particular case* require that an employee be entitled to the remedies set forth in § 337.385." *Id.* at 402 (emphasis original). Accordingly, the question before this Court is whether the "context or equities" of the present case show that the "context requires otherwise" that the Plaintiffs are "employees" under KRS § 337.385 despite being administrative employees.

The context or equities requiring deviation from the definition of "employee" in KRS § 337.101(2)(a)2 cannot logically turn on the type of exempt employee involved. The cases rejecting *Kiesel* involved a variety of plaintiffs employed in many different jobs. *See Gonzalez*, 2011 U.S. Dist. LEXIS 140971, at *11-13 (doctor found to be a "professional employee"); *Stathers*, 2007 U.S. Dist. LEXIS 83485, at *6-7 (ice cream distributor found to be a "supervisory employee"); *Roby*, 2007 U.S. Dist. LEXIS 50694, at *4-5 (industrial machine seller found to be an "outside salesman"). Additionally, the "context requires otherwise" argument cannot, as the Plaintiffs urge, turn on a distinction in the type of compensation sought. The cases rejecting *Kiesel* have involved many different types of compensation, all of which are covered by the definition of "wages" in KRS § 337.010(1)(c)1. *See Stathers*, 2007 U.S. Dist. LEXIS 83485, at *6-7 (salary, vacation time, and bonus); *Roby*, 2007 U.S. Dist. LEXIS 50694, at *4-5 (commissions); *Whitewood II*, 323 Fed. Appx. at 398 (unpaid wages); *Haeberle v. McCall, Currens, Topor & Thompson, P.S.C.*, No. 2005-CA-002265-MR, 2007 Ky. App. Unpub. LEXIS 9, at *21-23 (Ky. App. Apr. 20, 2007) (fee splitting arrangement).

There must be something outside of the particular type of employment or damages sought that could "otherwise require" a court to find that an exempt employee should recover damages under KRS § 337.385.  To that end, the Plaintiffs in this particular case highlight two pieces of evidence.  First, they claim that the deposition testimony of IMG's principle investor, Louis Lovas ("Lovas"), and one of the company's managers, Larry McManus ("McManus"), shows that IMG knew that the Plaintiffs were entitled to unpaid wages after they were terminated.  Lovas testified that Fox was not paid for her last period of work, but he could give no explanation for why she had not been paid.  Depo. Louis Lovas, DN 29-3, p. 102:7-14.  Lovas also testified that McManus was responsible for paying IMG's various obligations.  *Id.* at pp. 102:25-103:3.  In his deposition, McManus admitted that the Plaintiffs had not been paid for the work they had performed in the week prior to their termination. Depo. Larry McManus, DN 29-4, pp. 97:10-16; 98:16-19.  McManus made this admission after being asked whether he was "aware that the law requires [the Plaintiffs] to be paid[.]"  *Id.* at p. 97:23-24.  McManus's admission is not enough to establish that the "context requires otherwise," however.  The question posed to McManus by the Plaintiffs' counsel was not a complete statement of the law.  While it is true that that the KWHA requires "employees" to be paid unpaid wages upon separation from employment, it does not require payment to those who are not "employees" under KRS § 337.385.  The question addressed to McManus assumed that the Plaintiffs were "employees," but this question carries less weight, and the significance of McManus's admission is mooted because the Court found that the Plaintiffs are not "employees" under the KWHA.

Second, the Plaintiffs argue the "context requires otherwise" because members of IMG's management received bonuses after the Plaintiffs were terminated.  McManus testified that IMG did not pay the Plaintiffs because the company way trying to "stay afloat" and did not have

10

sufficient funds to pay the Plaintiffs when they were terminated on July 14, 2010. *Id.* at p. 98:16-22. At the end of 2010, however, IMG paid its managers and principles bonuses ranging from $4,000 to $7,000. *Id.* at pp. 80:23-81:23. The Plaintiffs claim that it was wrong for IMG to pay bonuses to others when the company had not paid their wages. They argue that IMG's payment of bonuses instead of their wages shows that "context requires otherwise" and that they have a cause of action under KRS § 337.385. The Court disagrees. The Court is not privy to the employment agreements between IMG and its other employees. By arguing that IMG should have paid the Plaintiffs instead of issuing bonuses to its other employees, the Plaintiffs essentially argue that IMG should have robbed Peter to pay Paul. The context of this case does not require the Court to sanction payment of the Plaintiffs' wages from funds earned by other employees.

Overall, the Plaintiffs have not present evidence upon which the Court could find that they are "employees" under KRS § 377.385 because the "context requires otherwise." Without convincing arguments to the contrary, the context of the case at hand does not compel the Court to deviate from the definition of employee found in KRS § 377.010(2)(a)2.

## CONCLUSION

For all of the foregoing reasons, the Plaintiffs' motion for summary judgment is DENIED and the Defendant's motion for summary judgment is GRANTED. An appropriate order shall issue.